```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MIN KOU CHENETTE,                       :
                        Plaintiff,      :
                                        :    05 Civ. 4849 (DLC)
          -v-                           :
                                        :       MEMORANDUM
KENNETH COLE PRODUCTIONS, INC.,         :     OPINION & ORDER
                        Defendant.      :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:

E. Christopher Murray
Reisman, Peirez & Reisman, L.L.P.
1305 Franklin Avenue
Garden City, New York 11530

For Defendant:

Traycee Ellen Klein
Howard Schragin
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177


DENISE COTE, District Judge:

On August 6, 2008, defendant's motion for summary judgment in this employment discrimination action was granted on all claims but one. Chenette v. Kenneth Cole Prods., Inc., No. 05 Civ. 4849 (DLC), 2008 WL 3176088 (S.D.N.Y. Aug. 6, 2008) ("August 6 Opinion"). The defendant Kenneth Cole Productions, Inc. ("KCP") brings a motion for reconsideration with respect to the sole remaining claim, which asserts that KCP retaliated

against the plaintiff Min Kou Chenette ("Chenette") for her claim of discrimination by conducting a hostile interview of her during its investigation of her complaint.  The motion for reconsideration is granted.

DISCUSSION

The standard for reconsideration is well-established.  The standard is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided," id., nor may the moving party "advance new facts, issues or arguments not previously presented to the Court."  Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (citation omitted).  The decision to grant or deny the motion is within the sound discretion of the district court.  See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

KCP correctly points out that the August 6 Opinion omitted any discussion or analysis of the second and third prongs of this retaliation claim.  Having found that Chenette had raised

issues of fact as to her prima facie case of retaliation, the Opinion did not address (1) whether KCP had articulated a non-retaliatory reason for its conduct of the interview, or in the event that it had, (2) whether Chenette had offered evidence to support an inference that KCP had conducted its interview of her in a hostile manner because it was retaliating against her for bringing a charge of discrimination.  On an employer's motion for summary judgment, once the plaintiff presents sufficient evidence to make out a prima facie case, if "the defendant then points to evidence of a legitimate, nonretaliatory reason for the challenged employment decision, the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001).  Reconsideration of Chenette's remaining claim is therefore warranted.

The August 6 Opinion describes the underlying claims in this lawsuit, and it is incorporated by reference.  In brief, KCP hired Chenette as a full-time employee in the summer of 2003.  She worked in its International Licensing Department and complains principally that the other employees in the department, all of whom were female, engaged in offensive banter in the workplace, that she was given a midyear review, and that someone else was promoted to a position that she wanted.  In

mid-July 2004, Chenette's attorney sent letters to KCP alleging discrimination and harassment.  In response, the Legal Department at KCP began an investigation and interviewed over a dozen employees.  Finally, it interviewed Chenette in late August.  The interview was never completed because Chenette left the interview and never returned to work.

The surviving claim of retaliation concerns the manner in which KCP conducted its interview of Chenette.  Chenette had asked to have her attorney attend her interview, and he was present until KCP excluded him from the room after he repeatedly protested Chenette's treatment at the interview and the KCP questioning.  As evidence of KCP's hostility during the interview Chenette identifies KCP's exclusion of her attorney from the interview, and the fact that it frequently cut her off when she spoke and asked her repetitive questions.  Chenette asserts that this hostile interview was an act of retaliation against her for making a complaint of discrimination.

In support of its motion for summary judgment, KCP asserted that it undertook a prompt, impartial and thorough investigation into Chenette's allegation of discrimination and harassment in accordance with its standard practice and with guidance provided from the Equal Employment Opportunity Commission and outside counsel.  The Assistant General Counsel for KCP who conducted Chenette's interview was experienced in handling these kinds of

investigations.  In response to Chenette's requests, her attorney was permitted to attend the interview and the interview was videotaped.  Chenette's attorney was excluded from the interview after he became, in KCP's view, aggressive and disruptive.  KCP admitted that it would not allow Chenette to rely on a letter prepared by her attorney to answer its questions, explaining that the purpose of the investigation was fact-finding and it wanted Chenette's own description of what had happened in order to assess the validity of Chenette's allegations and take any appropriate corrective action.  The evidence KCP submitted to support these assertions is sufficient to establish a legitimate, non-retaliatory reason for conducting Chenette's interview as it did.  Thus, the burden shifts to the plaintiff to provide evidence of a retaliatory motive for this conduct.

    Chenette's submissions regarding this retaliation claim are sparse.  Her primary retaliation claim, which is described in the August 6 Opinion, concerned a negative performance evaluation.  Chenette devoted the majority of her attention to the performance evaluation in her presentation of her retaliation claim.  Nonetheless, Chenette's opposition to the motion for summary judgment does contain some limited discussion of KCP's motives in conducting her interview.  Chenette's affidavit asserts that KCP's questioning was not undertaken to

learn what had happened, but "was designed to confuse me and establish a defense." Her 56.1 Statement reiterates this same point. It argues that the "sole purpose of the interview was to help establish legal defenses to plaintiff's claims." Her memorandum in opposition to the motion describes the interview as horrific, discriminatory, harassing, retaliatory and demeaning. It asserts that the interview was not intended to determine the truth and that it made her the target of the investigation.

Chenette's opposition to the motion for summary judgment does not present evidence from which a jury could infer that the manner in which KCP conducted its interview of Chenette was motivated by a desire to retaliate against her for bringing a complaint of discrimination. Indeed, instead of retaliation, Chenette's opposition papers offer another theory for the manner in which the interview was conducted. Chenette surmises that KCP was more interested in developing its defense to a claim of discrimination than in learning the truth. Even if Chenette were able to prove that KCP undertook the interview in the way it did to develop a defense instead of to uncover the truth, that would not constitute proof that its motive was retaliation.

It is undisputed that it was appropriate for and indeed incumbent upon KCP to conduct an investigation of Chenette's discrimination complaint, and to interview Chenette during that

investigation. In such circumstances, it may be particularly challenging to prove that the defendant's conduct at the interview was retaliatory. There could be many non-retaliatory reasons why an employer would conduct a searching or rigorous interview of a complainant, including the one identified by the plaintiff here: the desire to develop a defense to a threatened lawsuit. To proceed to trial on a claim that her interview was conducted in the way it was in order to retaliate against her for bringing the discrimination charge, Chenette was required in her opposition to the motion for summary judgment to point to evidence to support such a theory. Chenette having failed to do so, KCP is entitled to summary judgment on this final claim as well.

CONCLUSION

The defendant's August 21, 2008 motion for reconsideration is granted, and summary judgment on the plaintiff's sole remaining claim is granted. The Clerk of Court shall enter judgment for the defendant and close the case.

SO ORDERED:

Dated:   New York, New York
         September 16, 2008

```
                            _____
                               DENISE COTE
                            United States District Judge
```